UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440 |
| HAKIEM JOHNSON | : | |

SURRICK, J.  OCTOBER 5, 2007

**MEMORANDUM & ORDER**

Presently before the Court is the Motion of Defendant Hakiem Johnson to Sever Count 86[1] (Doc. No. 298). For the following reasons, Defendant's Motion will be denied.

**I.  BACKGROUND**

On February 21, 2007, the grand jury returned a 194-Count Fifth Superseding Indictment ("indictment") charging Defendant Hakiem Johnson and twenty-one co-defendants with offenses related to their participation in a wide-ranging drug conspiracy. The Indictment charged Defendant Johnson with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); distribution and possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1); and use of a communication facility to facilitate the distribution of narcotics in violation of 21 U.S.C. § 843(b). Count 66 of the Indictment also charged Johnson with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

---

[1] Defendant moved to sever Count 86 of the Fourth Superceding Indictment. (*See* Doc. No. 298.) In both the Fourth and Fifth Superceding Indictments, the charge against Defendant of violating 18 U.S.C. § 922(g)(1) is Count 66.

## II.   DISCUSSION

Defendant seeks severance of Count 66, charging a violation of 18 U.S.C. § 922(g)(1), on the grounds that introducing the prior criminal record of Defendant would "tend to confuse the fact finder and duly influence their feelings towards Defendant" (Doc. No. 298 ¶ 6) and would deny Defendant "a fair trial in that he would be unduly prejudiced by the irrelevant and prejudicial evidence" (*id.* ¶ 7).

The Government characterizes Defendant's motion as one for bifurcation, not severance. (Doc. No. 412 at 2.)  The Government argues that Defendant is not entitled to bifurcation or severance because this Court should not follow the Third Circuit rule requiring, in certain circumstances, the severance or bifurcation of ex-felon in possession counts.  (*Id*. at 7–8.)  The Government also argues that: (1) the Third Circuit's *per se* rule has been heavily criticized by other circuits (*id.* at 3); (2) the rule "runs counter to other powerful considerations that have led all other Circuit Courts considering the issue to refuse to adopt such a rule" (*id.*); (3) "[n]arcotics and gun charges arising out of the same events are routinely joined, under Rule 8, and a refusal to sever charges is typically affirmed as within the sound discretion of the district judge" (*id.* at 4); and (4) the Third Circuit rule "contradicts the holding in Old Chief v. United States, 519 U.S. 172 (1997), in which the Supreme Court held that a stipulation as to a prior conviction, coupled with an appropriate jury instruction, cures prejudice concerns, and should ordinarily be accepted by a district court . . ." (*id*. at 7).

In *United States v. Busic*, 587 F.2d 577 (3d Cir. 1978), *abrogated on other grounds by Stinson v. United States*, 508 U.S. 36 (1993), the Third Circuit held that the district court's decision not to grant the defendants' motion to sever constituted harmless error. *Id*. at 579.  The

defendants in that case were convicted of "conspiring to distribute drugs, unlawfully distributing narcotics, assaulting federal officers with a dangerous weapon, and receiving firearms while being convicted felons," along with other weapons-related offenses. *Id*. at 580. During the trial, the government "introduced in its case-in-chief evidence of defendants' prior convictions for the purpose of proving that defendants were convicted felons and, thus, had received firearms in violation of 18 U.S.C. s 922(h)." *Id*. However, because "the defendants raised the defense of entrapment at trial . . . the evidence of their prior convictions was admissible under Rule 404(b), Federal Rules of Evidence, to rebut this defense by proving predisposition." *Id*. at 585. Thus, the status of the defendants as ex-felons was introduced at trial independently of the ex-felon in possession charges. Nevertheless, the court stated:

> [I]n ruling on a pre-trial motion to sever the district court should determine whether evidence of the prior convictions would be independently admissible on the other counts. If it is determined that the convictions would not be admissible on the other counts[,] that were these counts to be tried alone the jury would not hear this evidence[,] then severance should be granted.

*Id*. at 585. The court explained that "if the government chooses to join [ex-felon in possession] counts, it must be prepared to justify the joinder to the trial judge by some showing that the prior convictions would be admissible even absent joinder." *Id.* at 585 n.9. Likewise, "in moving for severance of these counts, a defendant may be required to reveal some of his trial strategy, as to an entrapment defense or the like, in the resolution of his motion for severance." *Id*.

In *United States v. Joshua*, 976 F.2d 844 (3d Cir. 1992), the Third Circuit recognized that the "so-called 'per se rule' of *Busic* has been widely criticized by other courts of appeal and no other court has adopted the procedure spelled out there." *Id*. at 847 n.5 (citing, *inter alia*, *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986), *United States v. Daniels*, 770 F.2d 1111,

3

1117 (D.C. Cir. 1985), *United States v. Silva*, 745 F.2d 840, 843 (4th Cir. 1984)). Nevertheless, the court repeated its rule from *Busic* without any language disapproving of that standard. Moreover, the court approved of bifurcation as a trial strategy that "strikes the appropriate balance between the concern about prejudice to the defendant and considerations of judicial economy." *Id*. at 848. In *Joshua*, the indictment charged the defendant with armed bank robbery, weapons charges in relation to the bank robbery, and a charge of possession of a firearm by a convicted felon. *Id*. at 845. The defendant moved to sever the ex-felon count from the remaining counts. *Id*. at 846. "The [trial] court denied the motion but ordered a bifurcated trial." *Id*. The Third Circuit found that a bifurcated trial resolved the *Busic* court's concern that "the necessity of introducing evidence of the defendant's criminal record in order to prove the weapons possession charge would prejudice the defendant during the jury's deliberations on the other counts." *Id*. at 848.

Here, the Government has not shown that the Defendant's criminal history would be admissible at trial independent of the ex-felon in possession count. The Government simply argues that the Third Circuit is wrong and points to the 194-Count Indictment arguing that any prejudice will be minimal and can be cured with appropriate instructions.

We are compelled to follow the dictates of *Busic* and *Joshua*. Defendant's request for severance will be denied. Count 66 charging Defendant with being a convicted felon in possession of a firearm will be bifurcated.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440 |
| HAKIEM JOHNSON | : | |

## ORDER

AND NOW, this 5th day of October, 2007, upon consideration of the Motion of Defendant Hakiem Johnson to Sever Count 86 (Doc. No. 298), and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motion for Severance is DENIED. It is further ORDERED that Count 66 of the Fifth Superceding Indictment, charging a violation of 18 U.S.C. § 922(g)(1), is bifurcated.

IT IS SO ORDERED.

BY THE COURT:

/s/ *R. Barclay Surrick*
U.S. District Court Judge