UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440 |
| HAKIEM JOHNSON | : | |

SURRICK, J.                                                                                                    NOVEMBER 9, 2007

**MEMORANDUM & ORDER**

Presently before the Court is the Motion of Defendant Hakiem Johnson to Sever from Prejudicial Joinder of Defendants Pursuant to Federal Rule of Criminal Procedure 14 (Doc. No. 297).[1] For the following reasons, Defendant's Motion will be denied.

**I. BACKGROUND**

On February 21, 2007, the grand jury returned a 194-Count Fifth Superseding Indictment ("Indictment") charging Defendant Hakiem Johnson and twenty-one co-defendants with offenses related to their participation in a wide-ranging drug conspiracy. The Indictment charged the defendants with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a), (b); being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); distribution and possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1); and other related offenses. Defendant was specifically charged in the Indictment with conspiracy to distribute narcotics in

---

[1] At a hearing held on August 13, 2007, counsel for the Government and Defendant agreed that this Motion could be decided on the submissions.

violation of 21 U.S.C. § 846 (Count 1); use of a communication facility to facilitate the distribution of narcotics in violation of 21 U.S.C. § 843(b) (Counts 50, 51); possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 58, 64); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 65); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 66).

Since a trial of all twenty-two defendants is unworkable, defendants will be tried in smaller groups. Defendant Hakiem Johnson is presently scheduled to be tried with co-defendants Jamar Campbell, Dante Tucker, Antonio Jackson and Terry Walker.

## II.     LEGAL ANALYSIS

"When considering a motion to sever, a court must engage in a two-part inquiry. First, the court must determine whether the defendants were properly joined under Rule 8(b). Then, the court must consider whether joinder substantially prejudices any defendant under Rule 14." *United States v. Solomon*, Crim.A. No. 05-385-1, 2006 WL 3198957, at *1 (W.D.Pa. Nov. 3, 2006).

Joinder of multiple defendants in a criminal proceeding is governed by Federal Rule of Criminal Procedure 8(b), which states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In this matter, joinder of Defendant with his fellow co-conspirators is perfectly proper. "[D]efendants jointly indicted should be tried together to conserve judicial resources. The public

2

interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy." *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991). Here, Defendant and his co-defendants were indicted together and they are charged with participation in a single conspiracy and with crimes related to that conspiracy. The trial of Defendant and co-defendants will require the Government to prove many of the same facts. The joinder of these defendants pursuant to Rule 8(b) is appropriate.

When co-defendants are properly joined, if "the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a); s*ee also Eufrasio*, 935 F.2d at 568 (noting that the denial of severance is committed to the sound discretion of the judge); *United States v. Kemp*, Crim.A. No. 04-370, 2004 WL 2757867, at *4 (E.D.Pa.. Dec 2., 2004) ("The decision of whether or not to grant a trial severance is within the court's discretion."). "The Rule places the burden of showing prejudice from the joinder on the defendant seeking severance." *Eufrasio*, 935 F.2d at 568. Severance will be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "A trial court should balance the public interest in joint trials against the possibility of prejudice inherent in the joinder of defendants." *Eufrasio*, 935 F.2d at 568.

Defendant has raised two concerns. First, Defendant claims that under *Bruton v. United States*, 391 U.S. 123 (1968), he may be prejudiced by out-of-court statements made by his co-defendants which implicate him without allowing him the opportunity for cross-examination.

3

The Government responds that *Bruton* applies only to out-of-court *confessions* by non-testifying defendants which are facially incriminating so that an instruction to the jury to consider the evidence only against the co-defendant against whom it is admissible is insufficient. The Government points out that Defendant's trial is joined with the trial of co-defendants who have not provided confessions implicating him. Thus no *Bruton* issue should arise in this matter. The Government further argues that "any other statements by Johnson's co-defendants at trial that might implicate him would be admissible as co-conspirator statements during the course of or in furtherance of the conspiracy, pursuant to Federal Rule of Evidence 801(d)(2)(E)."[2] We agree. Should the Government attempt to offer statements at trial that constitute inadmissible hearsay, we will address the issue at that time based upon an appropriate objection. As this matter presently stands, however, there is no *Bruton* issue and therefore no reason to grant a severance pursuant to *Bruton*.

Next, Defendant argues that there will be "spillover" prejudice if he is tried with co-defendants with greater culpability. "When many defendants are tried together in a complex

---

[2]Federal Rule of Evidence 801(d)(2)(E) provides, "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Although statements of co-conspirators are considered non-hearsay statements, the Government will need to meet the following four requirements before the statements can be admitted under the exception:

> It must appear: (1) that a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy. The district court must find these requirements by a preponderance of the evidence.

*United States v. McGlory*, 968 F.2d 309, 333 (3d Cir. 1992) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

case and they have markedly different degrees of culpability, [the] risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539. "The main determinant is whether the jury can appropriately compartmentalize the evidence in a case so as to consider the evidence only as it relates to the relevant defendant." *Kemp*, 2004 WL 2757867, at *4 (citing *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)). In this case, the Government proposes to try Defendant with four co-defendants who have been charged with crimes similar to and closely related to the crimes with which Defendant is charged. We see no real danger of "spillover" prejudice in this case, nor do we see any serious risk that the jury will be unable to make a reliable judgment about Defendant's guilt or innocence. Severance to prevent prejudice is not necessary or appropriate in these circumstances.

## III. CONCLUSION

Defendant has failed to demonstrate that a serious risk of prejudice exists or that any prejudice inherent in the joinder of his trial with the trial of his co-conspirators would outweigh the public interest in judicial economy. Accordingly, Defendant's Motion for Severance will be denied.

An appropriate Order follows.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440 |
| HAKIEM JOHNSON | : | |

## ORDER

AND NOW, this 9th day of November, 2007, upon consideration of Defendant Hakiem Johnson's Motion for Severance (Doc. No. 297), and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge