UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440-09 |
| HAKIEM JOHNSON | : | |

**SURRICK, J.**  **JULY 8, 2008**

**MEMORANDUM & ORDER**

Presently before the Court is the Motion of Defendant, Hakiem Johnson[,] to Dismiss Indictment, (Doc. No. 806).[1] For the following reasons, Defendant's Motion will be denied.

**I.   BACKGROUND**

The instant Motion is related to the 194-Count Fifth Superseding Indictment filed by the Government charging Defendant Hakiem Johnson and twenty-one co-defendants with offenses related to their participation in a wide-ranging drug conspiracy. Six of the twenty-two defendants were tried in the first phase of this case in a trial that ran from January 17 to March 5, 2008. Defendant and three co-defendants, Terry Walker, Jamar Campbell, and Adrian McKenzie, are scheduled to be tried in the second phase of the case. That trial is presently scheduled to begin on August 11, 2008.[2]

On February 1, 2006, a Third Superceding Indictment was filed under seal. (Doc. No.

---

[1] Defense counsel filed this Motion on April 17, 2008. (Doc. No. 806.) Defendant subsequently wrote a letter to the Court requesting an evidentiary hearing. (Letter from H. Johnson, dated April 22, 2008, rec'd April 24, 2008.) An evidentiary hearing is completely unnecessary.

[2] The second phase trial has been continued several times. Most recently, the trial was continued from June 16 to August 11, 2008 because the defense attorneys wanted more time to review the transcripts from the first trial.

99.) It named Defendant and eleven co-defendants. (*Id*.) Defendant was arrested on February 2, 2006. (Doc. No. 109.) On February 3, 2006, Defendant was ordered temporarily detained and a detention hearing was scheduled for February 7, 2006. (Doc. No. 113.) Defendant was arraigned and entered a plea of not guilty to all counts on February 7, 2006. (Doc. No. 110.) After consideration of the Government's motion for pretrial detention, Magistrate Judge Thomas J. Rueter ordered Defendant detained. (Doc. Nos. 110, 111.) On February 17, 2006, the Third Superceding Indictment was unsealed as to Defendant. (Doc. No. 114.) On February 24, 2006, we declared the case complex and continued the case beyond the time limits established by the Speedy Trial Act. (Doc. No. 122.)

On March 22, 2006, the Government filed a Fourth Superceding Indictment naming Defendant and twenty-one co-defendants. (Doc. No. 136.) Defendant was charged with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 (Count 1); use of a communication facility to facilitate the distribution of narcotics in violation of 21 U.S.C. § 843(b) (Counts 50, 51); possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) (Counts 58, 64); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 65); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 66). (*Id*.) On April 20, 2006, Defendant was arraigned and entered a plea of not guilty before Magistrate Judge Jacob P. Hart. (Doc. Nos. 201, 217.) On May 15, 2006, we again declared the case complex. (Doc. No. 238.) On May 19, 2006, the Court held a bail hearing for Defendant Johnson. (Doc. No. 242.) Defendant's motion for bail was denied. (*Id*.)

On February 21, 2007, the grand jury returned the 194-Count Fifth Superceding

Indictment against Defendant and his co-defendants. (Doc. No. 295.) The Fifth Superseding Indictment contained no new charges against Defendant. On March 5, 2007, the preceding Indictments were dismissed. (Doc. No. 316.) A new Scheduling Order was entered setting new dates for discovery, motions, and a hearing on pretrial motions. (Doc. No. 353.) Finally, we again declared the case complex. (Doc. No. 379.)

On May 28, 2007, Defendant signed a waiver of his right to formal arraignment and entered a plea of not guilty. Thereafter, Defendant decided that he wanted to be formally arraigned. He was subsequently arraigned on the Fifth Superceding Indictment before Magistrate Judge Henry S. Perkin on March 5, 2008. (*See* Doc. No. 760.) The Minute Entry for that proceeding notes: "The Court recognized that the Defendant stands mute – does not agree with indictment, would not plea on indictment – the Court entered a plea of not guilty." (*Id*.) Defendant's attorney, Christian Hoey, Esq., was present for the arraignment. (*Id*.)

Defendant now moves to dismiss the Fifth Superceding Indictment on the grounds that he "sustained severe prejudice in not being timely arraigned." (Doc. No. 806 ¶ 4.) Defendant's Motion states: "Although moving Defendant was arraigned on each of the previous indictments and superceding indictments in open court, he did not have the opportunity to be arraigned on the Fifth Superceding Indictment as he waived same and entered a plea of Not Guilty by waiver on May 28, 2007. Ultimately, moving Defendant was arraigned in open court on March 5, 2008." (Doc. No. 806 ¶¶ 2,3.)

Defendant has raised this issue before in motions that we dismissed as improper *pro se* motions filed by a represented defendant. (*See* Doc. Nos. 732, 769, 775.) In Defendant's first *pro se* Motion to Dismiss Indictment, filed on February 26, 2008, he argued that the Indictment

3

should be dismissed because: (1) he was never arraigned on the Fifth Superceding Indictment; (2) his attorney, Mr. Hoey, encouraged him to sign a waiver of arraignment as to the Fifth Superceding Indictment without explaining its significance; (3) he was incarcerated without charges because the Fourth Superseding Indictment had been dismissed and Defendant was not yet arraigned on the Fifth Superceding Indictment; and (4) Defendant's incarceration for over two years and the delay in trial had prejudiced Defendant's defense and violated his right to a speedy trial. (Doc. No. 732.) Defendant also moved for bail, stating that he was not a flight risk or a danger to the community. (*Id*.)

On March 10, 2008 Defendant filed a second *pro se* Motion to Dismiss Indictment. (Doc. No. 769.) In this filing, Defendant reiterated that his long incarceration was a violation of his right to a speedy trial and a violation of his due process rights. (*Id*. at 2.) Defendant asked the Court to consider the delay in his arraignment in light of *Barker v. Wingo*, 407 U.S. 514 (1972). (Doc. No. 769 at 2.) Defendant asserted: (1) that he sent letters on June 19, 2007, July 2, 2007, and August 7, 2007 to his defense counsel asking him to file motions to dismiss because of speedy trial rights violations; and (2) that the Government suppressed exculpatory evidence from the grand jury, that is, that a search warrant was for 7128 Upland Street and not 7130 Upland Street.[3] (*Id*. at 3.) Defendant also explained why he refused to cooperate at his

---

[3] In a Memorandum and Order dated January 4, 2008, after a suppression hearing, we dealt with Defendant's contention that the Government's search of 7130 Upland Street was improper. (*See* Doc. No. 602.) We denied Defendant's Motion, finding that the search was a valid consent search. The consent was voluntarily given by Roshon Jones, the owner of 7130 Upland Street. Jones was Defendant's girlfriend. During the course of the search, the agents found two firearms in an upstairs bedroom. Jones provided the agents with a signed statement denying ownership of the guns and asserting that Defendant, a convicted felon, had brought the guns into the house, and that the guns belonged to him.

4

arraignment on the Fifth Superceding Indictment:

> On March 5th 2008 before United States Magistrate Judge Henry S. Perkin the petitioner refused to enter a plea in this arraignment. The Judge entered a plea for him. The reasons why petitioner refused to enter a plea[:]
>
> > (1) The Fourth Superceding Indictment was dismissed on March 5th 2007.
> > (2) The petitioner has been incarcerated with no charges from March 5[,] 2007 since he has not been arraigned on the Fifth Superceding Indictment.
> > (3) The petitioner wanted his Motion to Dismiss Indictment and Bail Motion to be heard before arraignment.

(Doc. No. 769.)

At a hearing held on June 24, 2008, defense counsel, at the request of Defendant, argued two points in support of the motion to dismiss: (a) the waiver executed by Defendant was an invalid waiver of the arraignment process because he had not been properly informed by defense counsel regarding his rights to an arraignment in open court, and (b) presentation of evidence underlying Count 58, that is, facts concerning Defendant's arrest at Tamika's Bar and the subsequent search of his residence, tainted the Grand Jury and resulted in due process and double jeopardy violations. (Hr'g Tr. at 51-52, June 24, 2008.) Defense counsel advised the Court that in May, 2007 he met with Defendant at the Federal Detention Center and provided him with the waiver form. (*Id*. at 52.) Counsel advised that he instructed Defendant "appropriately and entirely" with regard to the arraignment process at that meeting. (*Id*.) Defense counsel also noted that the Fifth Superceding Indictment contained no new charges or factual averments against Defendant. (*Id*.)

## II. DISCUSSION

### A. Speedy Trial Rights

It is not clear whether Defendant brings his speedy trial challenge under the Sixth

Amendment or the Speedy Trial Act.[4]  Defendant is entitled to relief under neither.

        1.    *Speedy Trial Act*

The Speedy Trial Act of 1974, 18 U.S.C.A. § 3161, *et seq.*, provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C.A. § 3161(c)(1) (2000).

After each succeeding indictment, we declared this case complex and continued the case beyond the time limits established by the Speedy Trial Act. After the filing of the Fifth Superseding Indictment, we stated:

> This case is unusual and complex due to the number of defendants, the nature of the prosecution, and the nature and quantity of evidence, so that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. These factors outweigh the public and the defendants' interest in a speedy trial.
>
> For the reasons stated above, the ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act as to all of the defendants. The ends of justice served by this Order outweigh the best interest of the public and the defendants in a speedy trial.

(Doc. No. 379.) Originally, Defendant waived arraignment on the Fifth Superseding Indictment, then decided that he wanted to be arraigned on the indictment, and has now been arraigned on the Fifth Superceding Indictment. Trial is scheduled to begin on August 11, 2008 after having been rescheduled several times at the request of, and for the benefit of, the defendants. There

---

    [4] For the most part, Defendant focuses his argument on the four-prong test articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), suggesting that his claim is grounded in the Sixth Amendment. However, Defendant also mentions obliquely the federal Speedy Trial Act. (*See* Doc. No. 769 at 3.)

has been no violation of the Speedy Trial Act here.

        2.      *Sixth Amendment Right to a Speedy Trial*

The speedy trial clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. Courts have concluded that "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Aldaco*, 477 F.3d 1008, 1018-19 (8th Cir. 2007) (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)). In determining whether a defendant has been deprived of his right to a speedy trial, the Supreme Court directs that courts consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Defendant argues that the delay between the return of the Fifth Superceding Indictment in February, 2007 and his arraignment in March, 2008 violated his right to a speedy trial. Defendant acknowledges the fact that in May, 2007 he signed a waiver of his right to be arraigned on the Fifth Superseding Indictment and entered a plea of not guilty. Defendant argues, however, that had his attorney adequately explained the significance of the arraignment process Defendant would not have opted to sign the waiver and that, therefore, the waiver is invalid. Defendant's argument is ridiculous on its face. Defendant was completely familiar with the arraignment process. He had already been formally arraigned on the Third and Fourth Superseding Indictments in this case. Moreover, the Fifth Superseding Indictment contained no new charges against Defendant. The charges were the same as those contained in the Fourth Superseding Indictment. Finally, when Defendant requested that he be arraigned, his request

7

was granted.

In any event, even if we apply the *Barker v. Wingo* factors, Defendant is not entitled to relief. Considering first the length of delay, if measured from the return of the Fifth Superseding Indictment to Defendant's arraignment, excluding the approximately one month period between Defendant's signing of the waiver and his first assertion of his speedy trial rights, the delay was approximately one-year. The Supreme Court in *Barker*, stated that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. Whether a particular delay is presumptively prejudicial "is necessarily dependent upon the peculiar circumstances of the case." *Id*. For example, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id*. at 531. This case is a serious, complex conspiracy charge. The discovery is voluminous, involving thousands of documents, materials seized in twenty-six different searches, and hundreds of wiretapped telephone conversations between the twenty-two defendants. Any delay here was not presumptively prejudicial. *Id*. at 530. As to the second *Barker* factor, we note that the delay between the Indictment and the arraignment was not caused by the Government. As far as the Government knew, Defendant had waived his right to a formal arraignment. When the Government learned that Defendant had changed his mind, it was arranged for him to be formally arraigned before a Magistrate Judge. Any delay was caused by Defendant himself. Finally, there is simply no prejudice resulting from the alleged delay. Although Defendant has been incarcerated during this time, which could certainly increase Defendant's "anxiety and concern," *Barker*, 407 U.S. at 531, Defendant's ability to adequately prepare his defense has not been impaired. *Id*. Moreover, Defendant's pretrial incarceration has

been the subject of bail hearings at which this Court and a Magistrate Judge determined that Defendant's continued incarceration is justified under the circumstances.

B.     **Due Process Challenge**

Defendant also challenges the Fifth Superseding Indictment based upon an alleged due process violation caused by the introduction to the grand jury of the evidence underlying Count 58. (Hr'g Tr. at 51-52.) Defendant does not explain how, precisely, the introduction of this evidence caused a due process violation, except to say that it tainted the grand jury and also violated Defendant's rights under the Double Jeopardy Clause. (*Id*.) We dismissed Count 58 on May 22, 2008.[5] (Doc. No. 847.) Defendant has provided no grounds for concluding that his due process rights were violated. Accordingly, we find that Defendant has not presented a cognizable due process claim.

III.    **CONCLUSION**

Since Defendant's constitutional and statutory speedy trial rights were not violated and Defendant does not have a valid due process claim, Defendant's motion to dismiss the Fifth Superseding Indictment will be denied.

An appropriate Order follows.

---

[5] Count 58 of the Fifth Superseding Indictment charged Defendant with possessing 246 grams of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 295 at 86.) On April 17, 2008, Defendant filed a motion to dismiss Count 58. Defendant recognized the "duel sovereignty" doctrine but argued that pursuing Count 58 constituted a violation of the double jeopardy clause. (Doc. No. 805.) After conference with counsel and the Court and after due consideration, the Government decided that since Defendant had been prosecuted in the Philadelphia Court of Common Pleas for possession with intent to distribute the 246 grams of cocaine and had entered a plea of guilty to this crime, it would not pursue Count 58.   The Government filed a motion to dismiss Count 58, (Doc. No. 845), which was granted, (Doc. No. 847).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-440-09 |
| | : | |
| HAKIEM JOHNSON | : | |

## **ORDER**

AND NOW, this __8th__ day of July, 2008, upon consideration of the Motion of Defendant, Hakiem Johnson[,] to Dismiss Indictment, (Doc. No. 806), it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

_____
R. Barclay Surrick, Judge